■ FLORENCE O'RIORDAN, Individually, and as Guardian ad Litem of FLORENCE SWARTZ, an Infant, Appellant, v. NORTHERN WESTCHESTER HOSPITAL, Respondent, et al., Defendant.— In an action to recover damages for personal injury alleged to have been sustained by an infant as a result of the defendants' malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated August 10, 1962, which granted the motion of the defendant Northern Westchester Hospital to vacate plaintiff's notice to examine Dr. Edward M. Wheeler as a witness before trial. Order reversed, with $10 costs and disbursements, and motion to vacate the notice denied. The examination shall proceed on 10 days' written notice or at such time and place as the parties may mutually agree by written stipulation. It appears without denial that the proposed witness (Dr. Wheeler) is a physician on the staff of the defendant hospital and that, under the direction and supervision of the defendant Dr. Hunter, the director of the hospital's Orthopedics Department, Dr. Wheeler, treated the infant. Although Dr. Wheeler avers that he will obey a subpœna to attend the trial, he does not deny the assertion that he refused to discuss the case with plaintiff's attorney, except with the express consent of the hospital's attorneys. These facts constitute "special circumstances" within the meaning of the applicable statute (CPLR, § 3101, subd. [a], par. [4]; Civ. Prac. Act, § 288), and are sufficient to entitle plaintiff to the pretrial examination sought (*Reif* v. *Gebel*, 246 App. Div. 776; *Fahey* v. *South Nassau Communities Hosp.*, 275 App. Div. 1056; *Maso Mach. & Tool Corp.* v. *Sabatino*, 15 A D 2d 579; *Ortner* v. *Bankers Security Life Ins. Soc.*, 17 A D 2d 325, 326). Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.